Johnson, J.
I concur in the foregoing opinion, and am instructed to deliver the opinion of the Court, on the appeal of Mrs. Hall, in the same case:
The claim of Mrs. Hall, to be exempted from contributing to the *297 expences of this suit, is founded on the lien, which her judgment and execution gave her, on the estate of David Deas; and if she had thought proper to pursue her remedy at law, and obtained satisfaction, before the fund, out of which alone it could be satisfied, came into the Court of Equity, there is no question, but that she could not have been obstructed in doing so : but it is very well set-tied, that when a creditor files a bill for the discovery of assets, whether specifically for himself, or jointly for all the creditors, and the Court, by that means, gets possession of the assets, the posses, sion draws after it the entire distribution of the fund. Thompson v. Brown, 4 Johns. C. R. 619. Mrs. Hall’s lien was then gone, and the only means of obtaining satisfaction, was by coming in under the decree; which, in effect, would make her a party, and in that character, she is bound to contribute to the expences. In another view, it would seem but reasonable and just, that she should contribute. There was no other possible way, in which she could have come at her rights, without litigating all the questions, which have grown out of this interesting, and expensive suit. She was well advised, therefore, to await the result, as it has, probably, saved her a much greater expence. But that furnishes an additional reason, why she should contribute rateably to those that were necessarily incurred. The money paid to her own counsel did not contribute, in any degree, to promote the prosecution of the suit; nor does it appear to have been intended for that purpose: and it cannot, therefore, enter into the estimate of the expences. This motion must therefore be dismissed; and, in this respect, the decree of the Circuit Court is affirmed.
J. G. Holmes, and I. E. Holmes, for the children of Mrs. Deas.
King, for Gourdine, and M’Cartney & Gordon.
Toomer, and Cross, for the State Bank.
Hunt, for Mrs. Hall.
Petigru, for complainants.
O’Neall, J., concurred. Harper, J., concurred in both opinions.

Decree modified.